NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1287

MICHAEL GUIDRY

VERSUS

KEITH BROUSSARD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2011-2873
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.

**AFFIRMED.**

Anthony Jerome Fontana, Jr.
210 N. Washington Street
Abbeville, LA 70510
Telephone: (337) 898-8332
COUNSEL FOR:
      Defendant/Appellant - Keith Broussard

Michael Guidry
In Proper Person
3015 N. University Avenue
Lafayette, LA 70507
Telephone: (337) 896-8045
COUNSEL FOR:
      Plaintiff/Appellee - Michael Guidry

**THIBODEAUX, Chief Judge.**

The defendant, Keith Broussard, appeals from the granting of a temporary restraining order and a preliminary injunction petitioned by the plaintiff, Michael Guidry. For the following reasons, we affirm the judgment of the trial court.

I.

## ISSUES

We must decide:

(1)  whether the trial court abused its discretion in granting the temporary restraining order and in setting the preliminary injunction hearing more than ten days after the date of the temporary restraining order; and,

(2)  whether the trial court abused its discretion in granting the preliminary injunction against both parties and in issuing an order that both parties would have use of the road with no obstruction.

II.

## FACTS AND PROCEDURAL HISTORY

Guidry and Broussard, two owners of adjacent property on Fieldspan Road and South Fieldspan Road in Duson, Louisiana, began disputing the use of a road partially located on both properties. The road allegedly was built seventy years ago and peacefully used by both Guidry and Broussard from the time of Broussard's purchase of his property from Guidry's sister in 2005 until the Fall of 2010. The parties also had an agreement allowing Broussard the use of Guidry's barn that sits partially on both properties.

However, around November of 2010, Broussard installed a gate which interfered with Guidry's use of the road and Guidry's access to his property.

Guidry, a bee-keeper, put bees on his property. Broussard allegedly carried a handgun and threatened to kill Guidry and his bees.

On May 19, 2011, Guidry filed a petition for a temporary restraining order (TRO), which was granted ex parte by the trial court. The TRO ordered Broussard not to abuse, harass, stalk, follow, or threaten Guidry, and not to go within 100 yards of Guidry or his residence on North University Avenue in Lafayette, Louisiana. The TRO was made effective through the hearing date.

The trial court set a hearing date of June 20, 2011, for Broussard to appear and show cause why the TRO should not be made a preliminary injunction.

At the hearing, both parties appeared and testified. Broussard was represented by counsel; Guidry did not have an attorney present. After determining that the road on the properties in Duson was the basis of the dispute, the trial judge recessed court and physically traveled to the properties to inspect the road in person. In the afternoon of the same date, the trial judge reconvened the hearing and ruled that the road had been there for some time and constituted a servitude that serviced both properties.

The trial court then issued a reciprocal preliminary injunction, ordering that both parties would have use of the road, and that neither party could obstruct the road or go upon each other's property for eighteen months. The preliminary injunction, therefore, expires on December 20, 2012. The preliminary injunction, like the TRO, ordered Broussard not to threaten Guidry or go within 100 yards of Guidry or his residence in Lafayette. It did not prevent the parties from full use of their adjacent properties in Duson, Louisiana.

2

III.

## STANDARD OF REVIEW

An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. *Housely v. Cerise*, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973).

IV.

## LAW AND DISCUSSION

*Issue No. 1*

Broussard contends that the trial court erred in granting the TRO and in setting the preliminary injunction hearing more than ten days after the date of the TRO. Appeals from such judgments are governed by La.Code Civ.P. art. 3612. That article provides the circumstances under which appeals may be taken for preliminary and final injunctions. However, Article 3612 specifically provides that, "[t]here shall be no appeal from an order relating to a temporary restraining order." La.Code Civ.P. art. 3612(A). Accordingly, we have no power to consider

3

on appeal the propriety of the trial court's judgment relating to the TRO ordering Broussard not to harass, threaten, stalk, or go within 100 yards of Guidry or his house in Lafayette. *See McCown v. McCown*, 93-899 (La.App. 3 Cir. 3/2/94), 634 So.2d 1249.

Broussard's remedy for having the TRO dissolved was with the trial court. More specifically, La.Code Civ.P. art. 3607 provides in pertinent part:

> **Art. 3607. Dissolution or modification of temporary restraining order or preliminary injunction**
>
> An interested person may move for the dissolution or modification of a temporary restraining order or preliminary injunction, upon two days' notice to the adverse party, or such shorter notice as the court may prescribe. The court shall proceed to hear and determine the motion as expeditiously as the ends of justice may require.

Broussard did not avail himself of this article with regard to the TRO, and he is prohibited by La.Code Civ.P. art. 3612 from appealing the order now. Likewise, Broussard's arguments under La.Code Civ.P. arts. 3603, 3604, and 3610, regarding notice, expiration, and security on the TRO, respectively, should have been brought before the trial court. They were not, and it is not within our purview to hear them now.

With regard to the date of the preliminary injunction hearing, La.Code Civ.P. art. 3602 provides as follows:

> **Art. 3602. Preliminary injunction; notice; hearing**
>
> A preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing.
>
> An application for a preliminary injunction shall be assigned for hearing not less than two nor more than ten days after service of the notice.

The first paragraph of Article 3602 was followed because the trial court did not issue the preliminary injunction until after the hearing was held on

June 20, 2011. The notice of the hearing on the preliminary injunction was made part of the order granting the TRO on May 19, 2011, with a request for service on May 20, 2011. While it is true that a rule to show cause for a preliminary injunction was assigned for hearing thirty days after service of the notice was *requested*, it is not known when service was actually *effected* on Broussard, as the record contains no service return. For that reason, we cannot say that there was any violation of the ten-day rule in paragraph two of Article 3602.

Under La.Code Civ.P. art. 3606, "[w]hen a temporary restraining order is granted, the application for a preliminary injunction shall be assigned for hearing at the earliest possible time, subject to Article 3602." Under paragraph two of Article 3607, "[t]he court, on its own motion and upon notice to all parties and after hearing, may dissolve or modify a temporary restraining order or preliminary injunction." The first paragraph of Article 3607 indicates that such a hearing must take place "as expeditiously as the ends of justice may require." La.Code Civ.P. art. 3607. Here, as the trial court's order on the preliminary injunction provided, the defendant was given "reasonable notice and opportunity to be heard" before the preliminary injunction was issued. We find no abuse of discretion in the trial court's setting of the hearing date on the preliminary injunction.

*Issue No. 2*

Broussard next contends that the trial court erred in granting the preliminary injunction against both parties and in issuing an order that both parties would have use of the road with no obstruction. We disagree.

Under La.Code Civ.P. art. 3601(A), "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant." In this case, the irreparable injury, loss, or damage asserted was (1)

5

bodily harm and (2) blocked access to property. Mr. Guidry averred in his petition for a TRO and an injunction that he believed his neighbor, Keith Broussard, posed a threat to his safety. In the attached Data Collection Sheets and Questionnaire forms, Mr. Guidry indicated that the defendant carried a hand gun and on May 4, 2011, made threats against his life with a weapon. In describing the reason for the protective order, Mr. Guidry stated: "He called me and threaten[ed] to kill me and my bees." Mr. Guidry further indicated that a confrontation on May 5, 2011, resulted in police intervention and the arrest of both parties.

At the hearing, Mr. Guidry testified that Broussard bragged about having a weapon, and that he carried a weapon. Mr. Broussard also testified, but he did not deny the allegations about the threats or the weapon. We find that the trial court had proper grounds for issuing the preliminary injunction ordering Broussard not to threaten or go within 100 yards of Guidry or his residence on North University Avenue in Lafayette.

Mr. Broussard argues that Guidry's TRO did not say anything about a road, that no relief was requested in a legal proceeding about the road, and that the trial court did not permit any evidence regarding a servitude. These arguments have no merit. At the hearing on the preliminary injunction, the trial court questioned the parties themselves and determined that the dispute was over a road partially on both of their properties in Duson, Louisiana. Guidry owns 2516 South Fieldspan, and Broussard owns 2518 Fieldspan. Neither party lives on either property, as Broussard lives across the highway at 2517 Fieldspan, and Guidry lives on North University Avenue in Lafayette.

Mr. Broussard testified that the "road" is actually a driveway to an old house once owned by Guidry's grandparents and that Broussard purchased the house five years before from Guidry's sister. Broussard was renting the house out at times pertinent, and the renters became involved in the dispute as well,

6

threatening Guidry with a lawsuit. Broussard's attorney told the court that the road was primarily on Broussard's property but that it widened at the end and was on Guidry's property. He also acknowledged that Guidry had a shed or barn there. However, the transcript of the proceedings does not indicate that Mr. Broussard's attorney attempted to introduce any evidence regarding legal descriptions of the properties or legal servitudes of any kind.

Mr. Guidry, who was unrepresented throughout all proceedings, testified that about six months prior to the hearing, Broussard decided to deny him access to the road; that Broussard put a gate across the road; and that they [Broussard and /or his renters] began using Guidry's property and parking cars on it. Guidry admitted to removing the gate three weeks prior to the hearing, and to putting bees on his property, resulting in a hive that was allegedly twenty feet behind Guidry's property line. Guidry also testified that, in addition to Broussard's threats of bodily harm, there was an attempt to poison Guidry's bees. Mr. Guidry further testified that the utility poles for the house purchased by Broussard were on Guidry's property, and that the utility company, which he referred to as "SLEMCO" told him that the road constituted a right of way.

Under the second paragraph of La.Code Civ.P. art. 3607, the trial court may on its own motion, after notice and hearing, dissolve or modify a TRO or a preliminary injunction. Under La.Code Civ.P. art. 3609, regarding proof at the hearing, the court may hear the matter on the verified pleadings, or affidavits, "or may take proof as in ordinary cases." The court may also "in its discretion, and upon such conditions as it may prescribe . . . further regulate the proceeding as justice may require." La.Code Civ.P. art. 3609. We find no error in the trial court's decision to view the properties, the road, and the utility poles at issue for purposes of granting and modifying the temporary, preliminary injunction at issue.

7

The trial judge made it clear to the parties that his objective was to keep the peace only and that he was not ruling on the barn, the bees, or other complaints.

Broussard further argues that no security was provided by Guidry for the preliminary injunction. Under La.Code Civ.P. art. 3610,

> A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained. However, no security is required when the applicant for a temporary restraining order or preliminary or permanent injunction is seeking protection from domestic abuse, dating violence, stalking, or sexual assault.

Here, no one was wrongfully restrained. Broussard was ordered not to threaten or stalk Guidry, which are acts already prohibited by our criminal code. Moreover, protection against stalking in particular requires no security under Article 3610. With regard to the use of the road, at the hearing, the judge stated that neither party was to cause a "ruckus." The trial judge specifically stated on the portion of the preliminary injunction regarding the road, that the order to not obstruct the road was reciprocal. He ordered both parties to split the court costs; and he indicated in the application questionnaire that no bond was required. Therefore, in this case, it can be said that the court addressed the issue of security and set it at zero. As a matter of logic, since both parties were enjoined from obstructing the road in a reciprocal preliminary injunction, the security paid by one would have cancelled out the security paid by the other.

Finally, we note, the trial court's order was for a time-limited and preliminary, injunction, not a permanent one. Comment (c) to La.Code Civ.P. art. 3610 states, "[s]ince a permanent injunction issues after a trial on the merits, it is necessary for the *successful plaintiff* to give security for a *permanent injunction*." La.Code Civ.P. art. 3610, Comment (c) (emphasis added) (citations omitted).

## V.

## <u>**CONCLUSION**</u>

Based upon the foregoing, we find no abuse of discretion by the trial court, and we affirm the judgment rendered on the eighteen-month preliminary injunction of June 20, 2011.

Costs are assessed to Keith Broussard.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.